# U.S. District Court [LIVE]
# Western District of Texas (Pecos)
# CRIMINAL DOCKET FOR CASE #: 4:20−cr−00308−DC−1

Case title: USA v. Valeriano
Magistrate judge case number: 4:20−mj−00951−DF

Date Filed: 07/09/2020
Date Terminated: 11/24/2020

---

Assigned to: Judge David Counts

### Defendant (1)

**Juan Manuel Valeriano**　　　　　represented by　**Raymond Keith Fivecoat**
*TERMINATED: 11/24/2020*　　　　　　　　　　　　Law Office of Raymond K. Fivecoat, P.C.
*also known as*　　　　　　　　　　　　　　　　　Fivecoat & Rogers, PLLC
Juan Valeriano　　　　　　　　　　　　　　　　　214 W. Texas Ave., Ste. 811
*TERMINATED: 11/24/2020*　　　　　　　　　　　　Midland, TX 79701
　　　　　　　　　　　　　　　　　　　　　　　　(432) 620−8774
　　　　　　　　　　　　　　　　　　　　　　　　Fax: 432/620−9945
　　　　　　　　　　　　　　　　　　　　　　　　Email: ray@fivecoatlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*
　　　　　　　　　　　　　　　　　　　　　　　　*Designation: CJA Appointment*

### Pending Counts　　　　　　　　　　　　　　　### Disposition

8 U.S.C. § 1324(a)(1)(A) (ii) &
(B)(i) Transportation of Illegal　　　　　　　　　Imprisonment of 16 MONTHS, 3 YEAR(S)
Aliens　　　　　　　　　　　　　　　　　　　　Supervised Release; Special Assessment Fee−
(1)　　　　　　　　　　　　　　　　　　　　　　$100.00; No Fine

### Highest Offense Level (Opening)

Felony

### Terminated Counts　　　　　　　　　　　　　### Disposition

None

### Highest Offense Level (Terminated)

None

### Complaints　　　　　　　　　　　　　　　　### Disposition

8:1324.F−BRINGING IN AND
HARBORING ALIENS

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **John Cannizzaro** <br> U.S. Attorney's Office <br> 2500 N. Highway 118, Suite 200 <br> Alpine, TX 79830 <br> 855−837−7332 <br> Email: john.cannizzaro@usdoj.gov <br> *LEAD ATTORNEY* <br> *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/03/2020 | | | Arrest of Juan Valeriano, Sergio Mendoza, Mario Salceda (jh1) [4:20−mj−00951−DF] (Entered: 07/08/2020) |
| 07/07/2020 | 1 | | COMPLAINT Signed by Judge David B. Fannin as to Juan Valeriano, Sergio Mendoza, Mario Salceda. (jh1) [4:20−mj−00951−DF] (Entered: 07/08/2020) |
| 07/07/2020 | 2 | | MOTION to Detain Defendant without Bond by USA as to Juan Valeriano. (jh1) [4:20−mj−00951−DF] (Entered: 07/08/2020) |
| 07/07/2020 | 5 | | Minute Entry for proceedings held before Judge David B. Fannin:Initial Appearance as to Juan Valeriano, Sergio Mendoza, Mario Salceda held on 7/7/2020 (Minute entry documents are not available electronically.) (Preliminary and Detention Hearing set for 7/9/2020 09:30 AM in Pecos before Judge David B. Fannin,), SPANISH Language Interpreter required as to Sergio Mendoza, Mario Salceda (Court Reporter FTR.) (jh1) [4:20−mj−00951−DF] (Entered: 07/08/2020) |
| 07/07/2020 | | | ORAL ORDER OF TEMPORARY DETENTION: as to Juan Valeriano, Sergio Mendoza, Mario Salceda.by Judge David B. Fannin. (jh1) [4:20−mj−00951−DF] (Entered: 07/08/2020) |
| 07/07/2020 | 6 | | ORDER APPOINTING COUNSEL as to Juan Valeriano Raymond Keith Fivecoat for Juan Valeriano appointed.. Signed by Judge David B. Fannin. (jh1) [4:20−mj−00951−DF] (Entered: 07/08/2020) |
| 07/07/2020 | 9 | | ORDER SETTING PRELIMINARY / DETENTION HEARING as to Juan Valeriano, Sergio Mendoza, Mario Salceda. Signed by Judge David B. Fannin. (jh1) [4:20−mj−00951−DF] (Entered: 07/08/2020) |
| 07/08/2020 | 10 | | ORDER RESETTING PRELIMINARY / DETENTION HEARING as to Juan Valeriano, Sergio Mendoza, Mario Salceda, ( Preliminary and Detention Hearing reset for 7/14/2020 09:30 AM in Pecos before Judge David B. Fannin,). Signed by Judge David B. Fannin. (jh1) [4:20−mj−00951−DF] (Entered: 07/08/2020) |
| 07/09/2020 | 11 | 5 | INDICTMENT(Redacted Version) filed. Unredacted document sealed pursuant to E−Government Act of 2002 as to Juan Valeriano (1) count(s) 1. (yl) (Entered: 07/10/2020) |

| | | | |
|---|---|---|---|
| 07/09/2020 | | | All parties shall comply with the Standing Orders for the Pecos Division. Parties can review the standing orders by clicking the included hyperlink as to Juan Valeriano (yl) (Entered: 07/10/2020) |
| 07/14/2020 | 13 | | Minute Entry for proceedings held before Judge David B. Fannin:Detention Hearing as to Juan Manuel Valeriano held on 7/14/2020 (Minute entry documents are not available electronically.) (Court Reporter FTR.) (jh1) (Entered: 07/14/2020) |
| 07/14/2020 | 14 | | ORDER GRANTING 2 Motion to Detain Defendant without Bond. No Bond set as to Juan Manuel Valeriano (1). Signed by Judge David B. Fannin. (jh1) (Entered: 07/14/2020) |
| 07/14/2020 | 15 | | Minute Entry for proceedings held before Judge David B. Fannin:D.C. Arraignment as to Juan Manuel Valeriano (1) Count 1. Plea of not guilty entered on 7/14/2020 (Minute entry documents are not available electronically.) (Court Reporter FTR.) (jh1) (Entered: 07/14/2020) |
| 07/15/2020 | 16 | | SCHEDULING ORDER as to Juan Manuel Valeriano Arraignment set for 7/23/2020 11:00 AM before Judge David B. Fannin, Motions due by 8/4/2020, Plea Agreement due by 9/10/2020, Docket Call set for 8/6/2020 11:00 AM before Judge David B. Fannin, Jury Selection and Trial set for 9/14/2020 08:30 AM before Judge David Counts,. Signed by Judge David B. Fannin. (bot3) (Entered: 07/16/2020) |
| 07/24/2020 | 17 | | ORDER Setting Rearraignment via zoom as to Juan Manuel Valeriano Rearraignment set for 7/28/2020 09:30 AM in Alpine before Judge David B. Fannin,. Signed by Judge David B. Fannin. (jh1) (Entered: 07/24/2020) |
| 07/24/2020 | 18 | | Consent to administration of guilty plea and Rule 11 Allocution by a United States Magistrate Judge by USA as to Juan Manuel Valeriano (Cannizzaro, John) (Entered: 07/24/2020) |
| 07/28/2020 | 19 | | Minute Entry for proceedings held before Judge David B. Fannin:Rearraignment held on 7/28/2020 ; Defendant Informed of Rights. Plea of guilty entered as to Juan Manuel Valeriano (1) Count 1 ;Referred to Probation for Presentence Report (Minute entry documents are not available electronically.) (Court Reporter FTR.) (jh1) (Entered: 07/29/2020) |
| 07/28/2020 | | | ORAL FACTUAL BASIS by USA as to Juan Manuel Valeriano (jh1) (Entered: 07/29/2020) |
| 07/28/2020 | 20 | | FINDINGS OF FACT AND RECOMMENDATION on felony guilty plea before the United States Magistrate Judge as to Juan Manuel Valeriano. Signed by Judge David B. Fannin. (jh1) (Entered: 07/29/2020) |
| 07/31/2020 | 21 | | PDF with attached Audio File. Audio as to Defendant (1) Juan Manuel Valeriano. Court Date & Time [ 7/28/2020 1:35:29 PM ]. File Size [ 14245 KB ]. Run Time [ 00:29:41 ]. (admin). (Entered: 07/31/2020) |
| 08/12/2020 | 22 | | ORDER accepting re 20 Findings of Fact on Plea as to Juan Manuel Valeriano. Guilty plea accepted. Signed by Judge David Counts. (jl) (Entered: 08/12/2020) |
| 09/08/2020 | 23 | | INITIAL PRESENTENCE REPORT as to Juan Manuel Valeriano by Officer Cynthia Acosta. Objections to the PSR must be submitted directly to the Probation Department. Instructions for viewing the report/worksheet are |

| | | | |
|---|---|---|---|
| | | | available here. (Document is available only to the attorney of record and AUSA for 14 days. PLEASE PRINT OR SAVE AS SOON AS DOCUMENT IS OPENED.) (Attachments: # 1 Cert of Disclosure)(Terrazas, V.) (Entered: 09/08/2020) |
| 09/14/2020 | 24 | | ORDER Setting Sentencing as to Juan Manuel Valeriano Sentencing set for 11/16/2020 08:30 AM in Pecos before Judge David Counts,. Signed by Judge David Counts. (yl) (Entered: 09/14/2020) |
| 10/27/2020 | 25 | | ADDENDUM AND REVISED PRESENTENCE REPORT as to Juan Manuel Valeriano by Officer Cynthia Acosta. Instructions for viewing the report/worksheet are available here. (Document is available only to the attorney of record and AUSA for 14 days. PLEASE PRINT OR SAVE AS SOON AS DOCUMENT IS OPENED.) (Attachments: # 1(Lujan, Crystal) (Entered: 10/27/2020) |
| 10/27/2020 | 26 | | SEALED PRESENTENCE INVESTIGATION REPORT Filed as to Juan Manuel Valeriano by Officer Cynthia Acosta. (Document available to court only) Attachments: # (1–3)(Lujan, Crystal) (Entered: 10/27/2020) |
| 11/13/2020 | 27 | | Waiver of rights and consent to proceed by Video Conference and/or in Absentia by Juan Manuel Valeriano (Fivecoat, Raymond) (Entered: 11/13/2020) |
| 11/16/2020 | 28 | | Minute Entry for proceedings held before Judge David Counts:Sentencing held on 11/16/2020 for Juan Manuel Valeriano (1), Count(s) 1, Imprisonment of 16 MONTHS, 3 YEAR(S) Supervised Release; Special Assessment Fee– $100.00; No Fine. (Minute entry documents are not available electronically.) (Court Reporter Ann Record.) (jh1) (Entered: 11/17/2020) |
| 11/24/2020 | 29 | 6 | JUDGMENT AND COMMITMENT as to Juan Manuel Valeriano (1), Count(s) 1, Imprisonment of 16 MONTHS, 3 YEAR(S) Supervised Release; Special Assessment Fee– $100.00; No Fine. Signed by Judge David Counts. (bot1) (Entered: 11/24/2020) |
| 11/24/2020 | 30 | | Sealed Statement of Reasons as to Juan Manuel Valeriano (SOR documents are not available electronically.) (bot1) (Entered: 11/24/2020) |
| 08/31/2021 | 31 | 12 | Probation/Supervised Release Jurisdiction Transferred to Waco Division as to Juan Manuel Valeriano signed by Judge David Counts. Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (jl) (Entered: 08/31/2021) |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

FILED
JUL 0 9 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | NO. P-20-CR- |
| v. | § § | **I N D I C T M E N T** |
| JUAN MANUEL VALERIANO, | § § | [Vio: 8 U.S.C. § 1324(a)(1)(A) (ii) & (B)(i) Transportation of Illegal Aliens] |
| Defendant. | § § | |

P20 CR 308

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>
[8 U.S.C. § 1324(a)(1)(A) (ii) & (B)(i)]

That on or about July 3, 2020, in the Western District of Texas, the Defendant,

JUAN MANUEL VALERIANO,

knowing and in reckless disregard of the fact that an alien, had come to, entered, and remained in the United States in violation of law, did transport and move, and attempted to transport and move said alien, by means of transportation or otherwise, for the purpose of commercial advantage and private financial gain.

A violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) & (B)(i).

A TRUE BILL.
Original signed by the
foreperson of the Grand Jury
FOREPERSON OF THE GRAND JURY

JOHN F. BASH
UNITED STATES ATTORNEY

BY: _____
JOHN CANNIZZARO
Assistant U.S. Attorney

5

# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

UNITED STATES OF AMERICA

v.

**JUAN MANUEL VALERIANO**
Alias(es):
**AKA** Juan  Valeriano ,; **AKA** Juan Manuelq Valeriano,; **AKA** Juan Manuel Valeriano,;
     Defendant.

Case Number:  4:20-CR-00308(1) DC
USM Number: 48803-480

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, Juan Manuel Valeriano, was represented by Raymond Keith Fivecoat.

The defendant pled guilty to Count(s) 1, of the Indictment on July 28, 2020.  Accordingly, the defendant is adjudged guilty of such Count(s), involving the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count(s) |
|---|---|---|---|
| 8 U.S.C. § 1324(a)(1)(A)(ii), 8 U.S.C. § 1324(B)(i) | Transportation of Illegal Aliens | July 3, 2020 | 1 |

As pronounced on November 16, 2020, the defendant is sentenced as provided in pages 2 through 6 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the Court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this 24th day of November, 2020.

                                                David Counts
                                     United States District Judge

AO 245B (Rev. TXW 11/19) Judgment in a Criminal Case                                                    Judgment -- Page 2 of 6

DEFENDANT:        JUAN MANUEL VALERIANO
CASE NUMBER:      4:20-CR-00308(1) DC

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of **Sixteen (16) months** with credit for time served while in custody for this federal offense pursuant to 18 U.S.C. § 3585(b).

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant be incarcerated in a federal facility as close to Gatesville, Texas as possible.

The defendant shall remain in custody pending service of sentence.

# RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____
at _____ with a certified copy of the Judgment.

_____
United States Marshal

DEFENDANT: JUAN MANUEL VALERIANO
CASE NUMBER: 4:20-CR-00308(1) DC

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **Three (3) years**.

While on supervised release, the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court and shall comply with the following additional conditions:

DEFENDANT:         JUAN MANUEL VALERIANO
CASE NUMBER:       4:20-CR-00308(1) DC

# CONDITIONS OF SUPERVISED RELEASE
(As Amended November 28, 2016)

It is ORDERED that the Conditions of Probation and Supervised Release applicable to each defendant committed to probation or supervised release in any division of the Western District of Texas, are adopted as follows:

Mandatory Conditions:

[1]  The defendant shall not commit another federal, state, or local crime during the term of supervision.

[2]  The defendant shall not unlawfully possess a controlled substance.

[3]  The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

[4]  The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

[5]  If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et. seq.) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

[6]  If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

[7]  If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

[8]  The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

[9]  The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

Standard Conditions:

[1]  The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

[2]  After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

[3]  The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

[4]  The defendant shall answer truthfully the questions asked by the probation officer.

DEFENDANT: JUAN MANUEL VALERIANO
CASE NUMBER: 4:20-CR-00308(1) DC

[5]  The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change

[6]  The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.

[7]  The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so.  If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so.  If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

[8]  The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

[9]  If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

[10] The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

[11] The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

[12] If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction.  The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

[13] The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

[14] If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

[15] If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

[16] If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

[17] If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

DEFENDANT:          JUAN MANUEL VALERIANO
CASE NUMBER:        4:20-CR-00308(1) DC

# CRIMINAL MONETARY PENALTIES/ SCHEDULE

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth.  Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 410 S. Cedar Street, Pecos, TX 79772.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

|        | Assessment | Restitution | Fine   | AVAA Assessment* | JVTA Assessment** |
|--------|------------|-------------|--------|------------------|-------------------|
| TOTAL: | $100.00    | $0.00       | $0.00  | $0.00            | $0.00             |

## Special Assessment

It is ordered that the defendant shall pay to the United States a special assessment of **$100.00**.

## Fine

The fine is waived because of the defendant's inability to pay.

---

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above.  However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f).  All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# PECOS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | NO. P:20-CR-308-001 |
| § | |
| JUAN MANUEL VALERIANO § | |
| ALSO KNOWN AS: JUAN VALERIANO; § | |
| JUAN MANUELQ VALERIANO § | |

## TRANSFER OF JURISDICTION

On this day came to be considered the above-styled and numbered cause. On November 16, 2020, Juan Manuel Valeriano; also known as: Juan Valeriano; Juan Manuelq Valeriano, was sentenced in the Pecos Division of the Western District of Texas, for the offense of Transportation of Illegal Aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(B)(i). On August 20, 2021, the defendant was released to an approved residence in Gatesville, Texas. The Judges and Probation Departments of both the Waco Division and the Pecos Division believe that transfer of jurisdiction of this case would be more efficient and would expedite any revocation proceedings that may arise. Therefore, the Court finds that jurisdiction of this defendant shall be transferred from the Pecos Division to the Waco Division.

It is therefore **ORDERED** that the above-styled and numbered cause be, and it is hereby, **TRANSFERRED** to the Waco Division of the Western District of Texas.

It is further **ORDERED** that the United States District Clerk's Office in Pecos, Texas, transfer the file to the United States District Clerk's Office in the Waco Division.

It is so **ORDERED**.

SIGNED this 31st day of August, 2021.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE