# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. W-21-CR-143 ADA |
| § | |
| JUAN MANUEL VALERIANO § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

## I. PROCEDURAL BACKGROUND

The Defendant was convicted of Transportation of Illegal Aliens in violation of Title 8 United States Code § 1324(a)(1)(A)(ii) & (B)(i). The Court sentenced the Defendant to sixteen months' imprisonment; three years' supervised release; a $100.00 special assessment; and mandatory, standard, and if applicable, special conditions of supervised release. On August 3, 2022, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the Defendant violated the terms of his supervision and seeking a

1

show-cause hearing as to why the Defendant's supervision should not be revoked. The petition alleges the Defendant violated the terms of his supervision in the following instances:

**Violation Number 1:** Mandatory Condition Number 1, the defendant shall not commit another federal, state, or local crime during the term of supervision.

**Factual Basis:** On June 13, 2022, an officer with the Belton, Texas, Police Department initiated a traffic stop on a vehicle traveling 52 MPH in a 40 MPH zone. The defendant was determined to be the sole occupant of the vehicle. The defendant advised the officer that he did not have a valid driver's license but was issued an occupational license. He was unable to produce the occupational license when asked by the officer. A records check conducted by the officer revealed the defendant had eight previous convictions for Driving While License Invalid. The defendant was subsequently arrested and transported to the Bell County Jail for processing.

**Violation Number 2:** Standard Condition Number 4, the defendant shall answer truthfully the questions asked by the probation officer.

**Factual Basis:** On Sunday, May 1, 2022, U.S. Probation Officer (USPO) Matthew MacRoy arranged to meet the defendant at his residence to conduct a home visit. USPO MacRoy arrived prior to the defendant at the residence and observed the defendant driving a motor vehicle to the residence. The defendant was questioned to the status of his driver's license as USPO MacRoy knew previously the defendant did not have a valid license at the start of his term of supervised release. The defendant advised USPO MacRoy that he had a "work permit" but did not show proof of a permit. Records check of the Texas Department of Public Service website indicated the defendant is "not eligible" and not permitted to operate any motor vehicles or obtain a driver's license.

**Violation Number 3:** Mandatory Condition Number 1, the defendant shall not commit another federal, state, or local crime during the term of supervision.

**Factual Basis:** On June 24, 2022, at approximately 3:17 PM a Department of Public Safety (DPS) officer observed a maroon 2015 Chevrolet Silverado belonging to the defendant near the intersection of RM 2523 and RM 3008 in Kinney County, Texas. RM2523 north is a known human smuggling corridor utilized to circumvent U.S. Border Patrol checkpoints. A traffic stop was initiated after a DPS officer observed the window tint of the defendant's vehicle being too dark.

The officer ordered the defendant to lower his window and place his hands out the window after the officer observed the defendant continuously looking back at his

movements towards the defendant's vehicle through his mirror. The officer observed three individuals lying down through and open flap in the tri-fold truck bed cover on the defendant's vehicle. The officer advised the defendant to turn off his vehicle; however, the defendant put the vehicle in drive and sped off north on RM 2523. A traffic pursuit ensued with the defendant's vehicle traveling at over 100 MPH in a 60 MPH zone while driving on the wrong side of the road, which consists of a lot of hills and curves. The pursuit continued into Edward County, Texas, where pursuing officers briefly lost sight of the defendant's vehicle. Officers quickly located the defendant's vehicle abandoned on the side of the road without any occupants. Officers located several filled and partially filled water bottles in the bed of the truck along with the rear seats of the vehicle up to help conceal passengers. Additional water bottles were also located in the rear passenger compartment of the defendant's vehicle.

The DPS officer conducted an inquiry into the defendant's driver's license and observed a photograph that resembled the driver of the vehicle, which had fled from him. The officer located a Facebook photograph of the defendant and positively identified Juan Manuel Valeriano as the driver of the vehicle which had fled from him. Charges of Smuggling of Persons with Likelihood of Serious Bodily Injury or Death and Evading Arrest Detention with Vehicle were filed as at large.

**Violation Number 4:** Standard Condition Number 9, if the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

**Factual Basis:** The defendant has not notified his probation officer about this incident with the Department of Public Safety.

At the hearing, the Defendant pleaded true to violations one and two; he pleaded no contest to violations three and four. The Government presented evidence that would support a finding of true, by a preponderance of the evidence, as to the violations.

## II.   FINDINGS OF THE COURT

1. The Defendant violated the conditions of his supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea to the allegations.

3. The Defendant had both a factual and rational understanding of the proceedings against him.

4. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The Defendant has not had any injury that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The Defendant was sane and mentally competent to stand trial for these proceedings.

7. The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The Defendant understood the petition and the charges alleged against him and had the opportunity to discuss the petition and charges with his attorney.

10. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing.

11. The Defendant freely, intelligently, and voluntarily entered his plea to the allegations.

12. The Defendant understood his statutory and constitutional rights and desired to waive them.

### III. RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's supervised release be revoked and that he be remanded to the custody of the U.S. Marshal for eight months, with no supervised release to follow.

## IV.  <u>WARNINGS</u>

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 18th day of April 2023.

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE